UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23610-BLOOM/Otazo-Reyes

ENOLA HUNT WOLFINGER,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

### ORDER ON PLAINTIFF'S DISCOVERY OBJECTIONS

**THIS CAUSE** is before the Court upon Plaintiff Enola Hunt Wolfinger's Appeal of Magistrate Judge Otazo-Reyes's Discovery Order Dated August 14, 2023, ECF No. [48] ("Objections"). Defendant Carnival Corporation ("Carnival") filed a Response in Opposition, ECF No. [49]. The Court has carefully reviewed the Magistrate Judge's Order, ECF No. [46] ("Order"), the Objections, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objections are overruled.

**I.    BACKGROUND**

Plaintiff initiated the instant case on August 29, 2020, after sustaining an injury aboard the M/V *Carnival Miracle* when the luggage she was rolling caught on an alleged defect in the flooring of the vessel. ECF No. [1] ("Complaint"). Plaintiff asserts the following causes of action: Negligence as to Flooring ("Count I"); Negligent Failure to Maintain as to Flooring ("Count II"); Negligent Failure to Warn as to Flooring ("Count III"); Negligence as to Handrails ("Count IV"); Negligent Failure to Properly, Design, Install, and/or Maintain as to Handrails ("Count V"); and Negligent Failure to Warn as to Handrails ("Count VI"). *Id*.

Case No. 20-cv-23610-BLOOM/Otazo-Reyes

At issue in the Objections are the two discovery rulings issued by Judge Otazo-Reyes in her August 14, 2023 Order. *See* ECF No. [46] following a discovery hearing ("Hearing"). In her Order, Judge Otazo-Reyes denied without prejudice Plaintiff's Motion to Compel the Deposition of Carnival's Chief Plumber and held in abeyance Plaintiff's request to depose Carnival's Head of Housekeeping pending the parties' further conferral regarding the potential for conducting that deposition. *Id*.

In her Objections, Plaintiff argues that Judge Otazo-Reyes erred because Carnival did not meet its burden of showing that the "fact-witness depositions were burdensome or overbroad" and the Court should not dictate that Plaintiff must first take the deposition of a corporate representative before a fact witness. ECF No. [52]. Defendant responds that "Plaintiff has failed to proffer any evidence as to why taking the depositions of the Chief Plumber and Head of Housekeeping is relevant and proportional, as required by Rule 26." ECF No. [49] at 11.

## II.    LEGAL STANDARD

### A. Review of Magistrate Judge's Discovery Decisions

A district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"). A decision is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "'In the absence of a legal error, a district court may reverse only if there was an "abuse of discretion" by the magistrate judge.'" *Wausau Underwriters*

Case No. 20-cv-23610-BLOOM/Otazo-Reyes

*Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015) (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

### B. The Scope of Discovery

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" "While the threshold for showing relevance is relatively low, the proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant." *Cardenas v. Toyota Motor Corp.*, No. 18-cv-22798, 2020 WL 5291936, at *1 (S.D. Fla. Sept. 3, 2020) (alteration in the original; quotation marks omitted). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Regarding proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### III. DISCUSSION

Plaintiff argues that Carnival failed to meet its burden to demonstrate that the depositions she sought to take were overbroad or burdensome. ECF No. [48] at 11-12. Carnival responds that the deposition testimony of the Chief Plumber and Head of Housekeeping are neither relevant nor proportional to the needs of the case. ECF No. [49] at 11.

Carnival points out, it "offered evidence to demonstrate how the deposition of the Chief Plumber and Head of Housekeeping would be burdensome and unnecessary." ECF No. [49] at 11.

Carnival refers to the Declaration of Monica Borcegue ("Borcegue"), its Guest Claims Manager. ECF No. [48-2]. In her Declaration, Borcegue explains that Plaintiff is relying on a Work Order produced in discovery to substantiate a claim that a plumbing issue in the subject area contributed to her incident. *Id*. ¶¶ 4-5. The Declaration further explains that the plumbing repair work reflected in the Order was completed two days prior to the incident, and "further down the hall from where Plaintiff testified her alleged injury occurred." *Id*. ¶ 7. Carnival argues that the Declaration reveals that the testimony of the Chief Plumber and Head of Housekeeping are not relevant.

The Hearing transcript further clarifies Defendant's position that the requested depositions are "a complete fishing expedition" and that the two people Plaintiff seeks to depose "are not fact witnesses," "don't know anything about this case, and they are not going to be able to provide anything further than what is in the work order itself." ECF No. [48-1] at 8:15-19.

Judge Otazo-Reyes stressed at the Hearing that, pursuant to Rule 26, discovery must be proportional to the needs of the case. *Id*. at 11: 12-14. She found that while the subject on which Plaintiff seeks to depose the Chief Plumber is not unrelated to her cause of action, it "is not an immediate fact." *Id*. at 11:23-25. Judge Otazo-Reyes therefore ruled that the Motion to Compel the Deposition of the Chief Plumber "is denied without prejudice to inquiry into the work order information at the corporate rep's deposition." *Id*. at 12:1-3. She further explained that if Plaintiff "find[s] something from the corporate rep depo that gives [Plaintiff] more of a connection between the [Plaintiff's] incident and the repair order," the parties should again confer regarding the deposition and re-raise the issue with the Court if they could not reach an agreement. *Id*. at 12:7-11.

Regarding the Head of Housekeeping, Judge Otazo-Reyes questioned whether Plaintiff had "done a discovery request for maintenance records of the hallway and how often it was cleaned[.]"

4

*Id*. at 14: 3-5. Plaintiff's counsel responded that he was not sure. *Id*. at 14:6-8. The Court then explained that "proportional to the needs of the case would counsel towards" having "[t]he work order and the maintenance of the hallway addressed by the corporate rep as an initial step." *Id* at 14:19-23. In the Order issued following the Hearing, Judge Otazo-Reyes explained that the Motion to Compel Depositions was denied without prejudice with regard to the Chief Plumber and held in abeyance with regard to the Head of Housekeeping. ECF No. [46].

It is clear from the record that Judge Otazo-Reyes considered the relevance of each requested deposition and found that each was relevant to a varying degree. She then assessed the proportionality of the requested depositions, and determined that deposing the Chief Plumber and Head of Housekeeping may be unnecessary and the burden outweighed by the likely benefit. *See* Fed. R. Civ. P. 26(b)(1) (requiring the Court to consider "whether the burden or expense of the proposed discovery outweighs its likely benefit[.]" ). The Court concludes that Judge Otazo-Reyes did not clearly err in her weighing of the burdens and benefits of the requested depositions.

Plaintiff argues that "[t]here is no rule that binds a party to take a corporate representative's deposition before that party can take fact witness depositions." ECF No. [48] at 12. Plaintiff however does not cite any authority for the proposition that the Court cannot consider the availability of the information sought from another source in considering the proportionality of the need to take a certain witness's deposition. Furthermore, as Carnival correctly notes, Judge Otazo-Reyes "stated multiple times that Plaintiff would not be totally precluded from deposing the Chief Plumber and Head of Housekeeping." ECF No. [49] at 9-10. Accordingly, Plaintiff has failed to show that Judge Otazo-Reyes's decision was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Objections, **ECF No. [48]**, are **OVERRULED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 13, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record